■ AMERICAN MOTORISTS INSURANCE COMPANY, as Subrogee of TRADE TOWN, INC., Respondent, v SCHINDLER ELEVATOR CORPORATION, Appellant. [673 NYS2d 212] —In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered September 23, 1997, as granted the plaintiff's cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, with costs, and the cross motion is denied.

The plaintiff has not met its burden of showing that, as a matter of law, the defendant breached the subject contract *(see,* CPLR 3212). The defendant correctly contends that the Supreme Court improperly engaged in issue determination when it decided that the defendant had not complied with its contractual obligation to "[r]egularly and systematically" maintain the escalator system of the plaintiff's subrogee when the defendant failed to distribute its maintenance guide to its employees and when one of its employees admitted to cleaning the escalator pit only once a year *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Contrary to the plaintiff's assertion, what constitutes regular and systematic

maintenance in the escalator industry is a question of fact for the trier of fact. Also, the defendant's employee testified that he lubricated the escalator mechanism and entered the internal portion of the escalator during his bi-monthly maintenance visits, which raises a question of fact about the continuous servicing of the escalator mechanism. Therefore, because there is evidence that the defendant may have complied with the contract, summary judgment should not have been granted to the plaintiff. Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.